UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHAZ MINOR,

    Petitioner,

  v.

WARDEN, LEBANON CORRECTIONAL INSTITUTION,

    Respondent.

NO. 1:08-CV-00583

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's November 05, 2008 Report and Recommendation (doc. 29), to which no objections were filed.

The Magistrate Judge recommended the Court stay Petitioner's motion to amend the petition (doc. 23) pending Petitioner's exhaustion of his state court remedies with respect to such claim (doc. 29). Additionally, the Magistrate Judge recommended the Court grant Petitioner's motion for leave to stay proceedings and hold in abeyance (doc. 26), so that Petitioner may fully exhaust his state court remedies based on his new Brady claim (doc. 29). Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court therefore AFFIRMS and ADOPTS such Report and Recommendation in its entirety. Accordingly, the Court STAYS Petitioner's Motion to Amend (doc. 23), GRANTS Petitioner's Motion to Stay (doc. 26), and administratively STAYS and TERMINATES

Petitioner's Petition (doc. 2) on the Court's active docket, pending the exhaustion of Petitioner's Ohio remedies. The Court conditions the stay on Petitioner's filing with the state trial court a post-conviction petition pursuant to Ohio Rev. Code §§ 2953.21 and 2953.23 and/or a motion for a new trial under Ohio R. Crim. P. 33, as discussed in the Magistrate Judge's Report and Recommendation (doc. 29), within thirty (30) days of the filing of this Order. The Court additionally conditions the stay on Petitioner's filing of a motion to reinstate the case on the Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner will be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies, should he make a showing that he has complied with the conditions of the stay.

The Court further finds that a certificate of appealability should not issue under the standard set forth in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the Petition so that Petitioner can exhaust state court remedies. "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a), Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: December 10, 2009    /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge