# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHAZ MINOR,

            Petitioner,     :     Case No. 1:08-cv-583

    - vs -                      District Judge S. Arthur Spiegel
                                          Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,

                                   :

            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 46) to the Magistrate Judge's Report and Recommendations recommending the Amended Petition be dismissed with prejudice (Doc. No. 45, the "Report"). Judge Spiegel has recommitted the case for reconsideration in light of the Objections (Doc. No. 47). The Warden has not filed a response to the Objections and the time for doing so under Fed. R. Civ. P. 72(b) has expired.

Chaz Minor, before his incarceration, was a drug dealer. As a jury concluded, on April 1, 2005, Minor and his business partner, Larry Lewis, jointly murdered Kevin Berry, a competing drug dealer, for intruding on their "territory" in the Fay Apartments complex in Cincinnati, Ohio. Having been convicted, he was sentenced to fifteen years to life for the murder, plus three years on a firearm specification. He now seeks vindication by way of habeas corpus.

Minor pleads two grounds for relief; (1) prosecutorial misconduct in closing argument, and (2) prosecutorial misconduct by failing to disclose impeaching evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The First Ground for Relief was pled when the Petition

was filed on August 28, 2008 (Petition, Doc. No. 2). The Report recommends dismissing this claim as procedurally defaulted and Petitioner raises no objection (Report, Doc. No. 45, PageID 1513-22). The Report may thus be adopted as to Ground One without further analysis.

Petitioner argues only Ground Two, his *Brady* claim, which was added January 13, 2014, after Minor had presented it unsuccessfully to the Ohio courts in a delayed motion for new trial (Amendment to Petition, Doc. No. 40). The Report recommends that Ground Two be dismissed as barred by the statute of limitations (Report, Doc. No. 45, PageID 1525), and as barred by Minor's procedural default in timely presenting the claim to the Ohio courts (*Id.* at PageID 1526). The Report also finds Minor's evidence of actual innocence unpersuasive and therefore insufficient to excuse the procedural default. *Id.* at PageID 1526-29.) Minor objects to each of these conclusions which will be discussed *seriatim*.

**The Statute of Limitations**

28 U.S.C. § 2244(d)(1) imposes a 1-year period of limitation running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Magistrate Judge Hogan, to whom this case was referred prior to his retirement, was called upon to decide Petitioner's Motion to Amend to add his *Brady* claim. Judge Hogan found that the conviction became final on September 4, 2007, the last date on which Minor could have sought review on certiorari from the United States Supreme Court (Report and Recommendations, Doc. No. 29, PageID 1248, n. 4.) The original Petition was therefore timely because it was filed less than a year later, on August 28, 2008. However, the Motion to Amend was not filed until July 1, 2009. As Judge Hogan noted, "the Sixth Circuit has held that 'a motion to amend a habeas corpus action to include "entirely new arguments" filed after the statute of limitations has expired is futile' because 'such claims do not relate back to the date the initial habeas petition was filed.'" *Id.* at PageID 1248-49. He concluded that the *Brady* claim would not relate back and would therefore be barred if § 2244(d)(1)(A) applied to the case. He also rejected Minor's attempt to bring this case within § 2244(d)(1)(B), noting that the Sixth Circuit had held this section was not applicable to *Brady* claims. *Id.* at PageID 1251, citing *Wood v. Spencer*, 487 F.3d 1, 6 (6th Cir. 2007). Finally, he found "that the record has not been adequately developed for the Court to determine when petitioner in the exercise of due diligence could have discovered the factual basis of his *Brady* claim, and, thus, whether or not the claim is time-barred under 28 U.S.C. § 2244(d)(1)(D)." *Id.* at PageID 1254. He concluded that the case should be stayed to allow Minor to pursue his *Brady* claim and develop the record by available state post-conviction methods, with the Motion to Amend to be decided thereafter. *Id.* at PageID 1258. Judge Hogan's Report was adopted without any objection by either party and now constitutes the law of the case (Order, Doc. No. 30).

The case was stayed December 11, 2009, and reinstated in September 2013, after the state courts refused relief (Order, Doc. No. 34). The Court allowed the Motion to Amend so that the *Brady* claim could be decided on the merits unless barred by the statute of limitations or procedural default (Order, Doc. No. 38, PageID 1433-34).

The Report concluded that Minor had made little use of the opportunity Judge Hogan had given him to show due diligence:

> The record after remand contains virtually no additional evidence on Minor's due diligence in gathering the material that was before this Court in November 2009 with the exception of the Charay Hicks Affidavit. Instead of additional development of the record, Minor submitted to the Hamilton County Common Pleas Court essentially what he had already submitted here. Minor himself offers no proof of what he did to discover the new evidence prior to 2009 and particularly does not explain why he did not speak to Donte Graves as soon as he learned from Jamita Weaver's testimony that she was claiming that Minor and Graves came to her apartment immediately after the shooting and Minor gave the gun to Graves.

(Report, Doc. No. 45, PageID 1524.) The First District Court of Appeals also found Minor had not displayed the requisite due diligence to permit a new trial:

> To the extent that he sought leave to move for a new trial on the newly discovered evidence, Minor bore the burden of proving by clear and convincing evidence that, within 120 days of the return of the verdict in his case, he did not know of the existence of the proposed ground for a new trial, and that he could not, in the exercise of reasonable diligence, have learned of its existence. See *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *State v. Hawkins*, 1st Dist. No. C-110291, 2011-0hio-5645, ¶ 14. He failed to sustain this burden with respect to the proposed impeachment and alibi evidence, but he succeeded with respect to the proposed exculpatory evidence offered by Charay Hicks.

*State v. Minor*, Case No. C-120424 (1st Dist. Mar. 27, 2013)(unreported; copy at Doc. No. 32-12, PageID 1369-70).

4

In his Objections, Minor relies on *Jefferson v. United States*, 730 F.3d 537 (6th Cir. 2013), for the proposition that a defendant is entitled to rely on a prosecutor's assertion that he has complied with *Brady*. The Sixth Circuit in *Jefferson* evaluated a due diligence claim[1] and found that the defendant in that case was entitled to rely on the prosecutor's assurances. The analysis of the due diligence in that case was, however, quite detailed. The case does not support a blanket exception to the statute of limitations whenever a *Brady* claim is asserted. Rather, the court of appeals was very critical of a prosecutor's withholding of information about promises he personally had made to cooperating co-conspirators about leniency in return for their cooperation. E.g., "[h]ere, the record suggests that Convertino [the Assistant United States Attorney] actively sought to hide the excessively low sentencing recommendations through off-the-record discussions with district judges, and through sealing the ultimate sentences the witnesses received." *Jefferson, supra*, at 546, n. 2.

Minor also relies on *United States v. Tavera,* 719 F.3d 705 (6th Cir. 2013). There the Sixth Circuit rejected a due diligence defense to the **merits** of a *Brady* claim, not on the statute of limitations question. The same is true of *Banks v. Dretke*, 540 U.S. 668 (2004), on which *Tavera* relies. In *Tavera*, a cooperating co-defendant had made statements to the prosecutor a few days before Tavera's trial that Tavera was not guilty, but the Assistant United States Attorney did not disclose those statements.

In this case, the date on which Minor alleges he discovered relevant facts so as to come within § 2244(d)(1)(D) is April 2009 when Minor learned from Dante Graves that Graves' sister, Jamita Weaver, had a juvenile adjudication for falsely reporting that she had been sexually assaulted. That juvenile adjudication was not revealed to Minor at the time of trial, either by the

---

[1] The due diligence was a prerequisite to a later starting date for the statute of limitations for a motion to vacate a federal conviction under 28 U.S.C. § 2255 rather than under § 2254. However, the relevant sections of the two statutes were adopted at the same time as part of the AEDPA and are *in pari materia*.

State or by Dante Graves.

Minor argues he was entitled to rely on the State's response to his discovery demand in the underlying criminal case. The demand reads in its entirety "[t]he Defendant by and through counsel moves this Honorable Court to order the Prosecutor to disclose to this Defendant's counsel all evidence, known or which may become known to the Prosecutor, which is favorable to the Defendant and material either to guilt or punishment." (Doc. No. 32-1, PageID 1286.) The response, made by Assistant Prosecuting Attorney Michael Bachman on November 18, 2005, states "[t]he State is unaware of evidence favorable to the Defendant. If the State becomes aware of additional discoverable information, this discovery response will be supplemented accordingly." (Copy at Motion to Reopen, Doc. No. 32-1, PageID 1287.)[2]

As the State argued in the new trial proceedings, Jamita Weaver's juvenile delinquency adjudication at age twelve for falsification is not evidence which could have been used to impeach her at trial. Under Ohio law, a juvenile adjudication is not admissible in evidence. Ohio R. Evid. 609(D). This rule is not overcome by the Confrontation Clause as explicated in *Davis v. Alaska*, 415 U.S. 308 (1974), because it does not go to Weaver's bias or interest in the outcome of the case.

The burden of showing due diligence to come within the later starting date of the statute of limitations in § 2244(d)(1)(D) is on the habeas petitioner. Judge Hogan found as of the time of the stay in 2009 that Minor had not satisfied that burden, but gave him an opportunity to do so on remand. The Report found that Minor had added "virtually no additional evidence" on this point (Report, Doc. No. 45). Minor's counsel tries to turn this around and put the onus for the

---

[2] In the Objections, Minor purports to quote the State's response as saying "[t]The State will notify the defense of any applicable criminal record of the witnesses before they testify." (See Objections, Doc. No. 46, PageID 1533, purporting to quote PageID 1291. PageID 1291 does not contain the purportedly quoted language. ¶Paragraph 5 of the State's Response to Defendant's Demand for Discovery, which is reproduced at PageID 1289 and contains the State's list of witnesses, also does not contain the purportedly quoted language.

lack of evidence on the Magistrate Judge: "The record is not developed to the satisfaction of the Magistrate Judge. He could order discovery on issues to resolve his questions. A hearing could be held on the *Brady* claim." (Objections, Doc. No. 46, PageID 1535.) But ours is not an inquisitorial system of justice where judges order discovery to answer their questions. Rather, in our adversarial system, it is for the parties to produce evidence. Moreover, Minor has never moved for discovery or an evidentiary hearing in this Court and Habeas Rule 6 provides for discovery only on motion and for good cause shown.

Whatever he may or may not have known before trial, Minor knew at trial that Jamita Weaver had testified she saw Minor shoot Kevin Berry and that Minor had come to her apartment with her brother, Dante Graves, shortly after the shooting to try to get her to take the gun. He was a close enough friend of Dante Graves at the time to ask his assistance with the weapon. And yet he and Graves did not have the conversation about Jamita's juvenile adjudication until April 2009. Why not?

Minor says that is fully explained by Graves Affidavit which says he was out of town at the time of the trial (Objections, Doc. No. 46, PageID 1535). That is not what Graves' Affidavit says. Instead, he avers he was out of town from March 17, 2005, to April 4, 2005 (Graves' Affidavit, Motion to Reopen, Doc. No. 32-1, PageID 1275). The trial during which Jamita Weaver testified began on December 7, 2005, and Weaver testified that day (Trial Tr., Return of Writ, Doc. No. 13-6, PageID 214). Graves' Affidavit says nothing about his being out of town during the trial. In fact, he claims (on June 9, 2009) that Jamita Weaver admitted to him she "lied about her knowledge of the shooting of Kevin Berry because she told me so on or about January 4, 2006. She told me she lied to the police to get back at me and my friend Chaz Minor for my beating her during our confrontation." (Graves Affidavit, Doc. No. 32-1, PageID 1275.)

7

Graves' "friend," Chaz Minor, had been sentenced to life imprisonment on January 3, 2006, the day before this revelation, and yet Graves did not tell Minor he had been sentenced to life imprisonment on the perjured testimony of Graves' sister until more than three years later.  And Minor, who presumably was surprised and outraged about Weaver's perjured testimony, did not talk to Graves about it for more than three years?  This just does not add up to due diligence within the meaning of § 2244(d)(1)(D).

**Procedural Default**

The Report also recommends, independent of the statute of limitations question, that Minor's *Brady* claim be found procedurally defaulted by his failure to timely file his new trial motion in the state courts (Report, Doc. No. 45, PageID 1525-26).

Minor objects that Judge Martin's decision denying the new trial motion does not state a reason for the denial (Objections, Doc. No. 46, PageID 1538).  That is true; the denial was summary, although the State relied on the lack of timely filing (Entry, Motion to Reopen, Doc. No. 32-8, PageID 1334).  What counts, of course, is the last reasoned state court decision on the point.  *Ylst v. Nunnemaker*, 501 U.S. 797 (1991).  The district court must look at the last state court disposition providing reasons for the decision. *Joseph v. Coyle,* 469 F.3d 441, 450 (6th Cir. 2006); *Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir. 1991).

The court of appeals explained:

> To the extent that he sought leave to move for a new trial on the newly discovered evidence, Minor bore the burden of proving by clear and convincing evidence that, within 120 days of the return of the verdict in his case, he did not know of the existence of the proposed ground for a new trial, and that he could not, in the exercise of reasonable diligence, have learned of its existence. See

8

> *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *State v. Hawkins*, 1st Dist. No. C-110291, 2011-0hio-5645, ¶ 14. He failed to sustain this burden with respect to the proposed impeachment and alibi evidence, but he succeeded with respect to the proposed exculpatory evidence offered by Charay Hicks.

*State v. Minor*, Case No. C-120424 (1st Dist. Mar. 27, 2013)(unreported; copy at Motion to Reopen, Doc. No. 32-12, PageID 1369-70).

Minor complains that this is not enough explanation: "[t]he Court of Appeals never noted what aspect Minor's obligation was lacking: timing, diligence or the persuasive nature of the evidence." (Objections, Doc. No. 46, PageID 1538.) The explanation seems clear enough to this Court: Minor had the burden of proving diligence and "failed to sustain this burden. . ."

Minor objects further that this holding of the First District Court of Appeals is contrary to the Supreme Court's holding in *Banks v. Dretke*, 540 U.S. 668 (2004), and is therefore not entitled to AEDPA deference under 28 U.S.C. § 2254(d)(1) (Objections, Doc. No. 46, PageID 1539). But that is not the proper analysis. Under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the question is one of state law: is the state procedural rule adequate and independent of federal law? To hold that the Ohio requirement of due diligence in pursuing a new trial motion is not adequate in a case of a *Brady* violation would amount to holding a State is constitutionally obliged to grant a new trial whenever a *Brady* violation is found, no matter how lacking in diligence a petitioner may have been. That is not the holding of *Banks v. Dretke*.

**Actual Innocence**

The Report concluded Minor had not shown persuasive new evidence of actual innocence sufficient to overcome the bar of the statute of limitations or his procedural default in state court

9

(Report, Doc. No. 45, PageID 1526-29).

While Minor objects, the Magistrate Judge does not believe additional analysis is needed beyond what is offered in the Report.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations and Minor's procedural default.

May 15, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).