# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHAZ MINOR,

                    Petitioner,                    :    Case No. 1:08-cv-583

          - vs -                                        District Judge Timothy S. Black
                                                        Magistrate Judge Michael R. Merz
WARDEN, Lebanon Correctional Institution,
                                                   :
                    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion to Expand the
Certificate of Appealability in this case (Doc. No. 54).  The Warden opposes the Motion (Doc.
No. 55) and Petitioner's time to file a reply in support has expired.  A motion for a certificate of
appealability is a post-judgment motion deemed referred under 28 U.S.C. § 636(b)(3) and
requiring a report rather than a decision from an assigned Magistrate Judge.

**Procedural History**

Minor was indicted by the Hamilton County Grand Jury on August 26, 2005, on one
count of murder with four firearm specifications. He was convicted of the murder and two
specifications and sentenced to fifteen years to life with three years consecutive for the firearm
specification. He appealed to the First District Court of Appeals, pleading seven assignments of
error, but the conviction was affirmed. *State v. Minor*, 2007-Ohio-312, 2007 Ohio App. LEXIS

1

287 (1st Dist. Jan. 26, 2007). The Ohio Supreme Court declined jurisdiction over a further appeal

on June 6, 2007. *State v. Minor*, 114 Ohio St. 3d 1412 (2007).

On August 28, 2008, Minor filed his original Petition for Writ of Habeas Corpus in this

Court, pleading a single ground for relief of prosecutorial misconduct with a number of sub-

claims (Petition, Doc. No. 2, PageID 17-18).   This Ground for Relief was dismissed over

Petitioner's Objections and is not the subject of the instant Motion.

On July 1, 2009, Minor moved to amend his Petition to add a claim under *Brady v.*

*Maryland*, 373 U.S. 83 (1963)(Doc. No. 23).   On Magistrate Judge Timothy Hogan's

recommendation, the amendment was postponed until Minor exhausted available state court

remedies.  After exhaustion, District Judge Spiegel granted Minor's motion to reopen the case on

September 12, 2013 (Doc. No. 34).  After transfer, the undersigned granted the motion to amend,

determining the Warden's substantive defenses should be decided on the merits, rather than on

the question of possible futility under Fed. R. Civ. P. 15 (Doc. No. 38).

The Report and Recommendations on the merits, filed March 27, 2014 (the "Report,"

Doc. No. 45), concluded the *Brady* claim was barred by the statute of limitations because Minor

had not shown diligence in discovering the facts he relied on for a delayed starting date for the

statute under 28 U.S.C. § 2244(d)(1)(D). *Id.*  at PageID 1525.  The same lack of due diligence

fatally undercut Minor's claim of equitable tolling.  *Id.*  Next the Report concluded the *Brady*

claim was procedurally defaulted, upholding the Ohio courts' determination that Minor's new

trial motion was untimely. *Id.*  at PageID 1525-26.  Finally, the Report concluded Minor's

purported showing of actual innocence to excuse the procedural default and the time bar did not

satisfy the standard most recently stated by the Supreme Court in *McQuiggin v. Perkins*, 569

U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013).  *Id.*  at PageID 1526-29.  The Report

concluded the Petition should be dismissed with prejudice with a certificate of appealability on the persuasiveness of the Charay Hicks's Affidavit. *Id.* at PageID 1529. Judge Black adopted those recommendations over Petitioner's Objections (Doc. No. 51). Petitioner has appealed (Doc. No. 56), but that does not deprive this Court of jurisdiction to decide the certificate of appealability question in the first instance.

**Standard for Certificate of Appealability**

A petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a §2255 motion to vacate must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254

cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United

States*, 101 F.3d 1565 (11th Cir. 1996)(en banc).  Likewise, district courts are to be the initial

decisionmakers on certificates of appealability under §2255.  *Kincade v. Sparkman*, 117 F.3d

949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir.

1997).  Issuance of blanket grants or denials of certificates of appealability is error, particularly if

done before the petitioner requests a certificate.  *Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001);

*Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of

reason would find it debatable whether the petition states a valid claim of denial of a

constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  That is, it must find that

reasonable jurists would find the district court's assessment of the petitioner's constitutional

claims debatable or wrong or because they warrant encouragement to proceed further.  *Banks v.

Dretke*, 540 U.S. 668, 705 (2004);  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  If the

district court dismisses the petition on procedural grounds without reaching the constitutional

questions, the petitioner must also show that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484.  The procedural issue

should be decided first so as to avoid unnecessary constitutional rulings.  *Id.* at 485, *citing

Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring).  The first part of this test

is equivalent to making a substantial showing of the denial of a constitutional right, including

showing that reasonable jurists could debate whether the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed

further, *Slack*, 529 U.S. at 484, *quoting Barefoot v. Estelle,* 463 U.S. 880, 893 (1983).  The

relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order  may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason  would  find  it  debatable  whether  the  district  court  was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed

*in forma pauperis.  Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the  merits...  Rather,  he  must  demonstrate  that  the  issues  are debatable among jurists of reason;  that a court could resolve the issues [in a different manner];  or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4.   *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d

931 (2003).  This Court has already granted Minor permission to proceed on appeal *in forma*

*pauperis* (Notation Order granting Doc. No. 53).  A certificate of appealability is not to be issued

*pro forma* or as a matter of course.  *Id*. at 1040.  Rather, the district and appellate courts must

differentiate between those appeals deserving attention and those which plainly do not. *Id*.  A

blanket certificate of appealability for all claims is improper, even in a capital case.  *Frazier v.*

*Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

In his own statement of the standard for a certificate, Minor relies on Ninth and Seventh

Circuit precedent holding a certificate should be granted unless the claim presented is "utterly

without merit."  (Motion, Doc. No. 54, PageID 1579, citing *Wilson v. Belleque*, 554 F. 3d 816,

826 (9th Cir. 2009), and *Jefferson v. Welborn,* 222 F.3d 286, 289 (7th Cir. 2000)).  The Sixth

Circuit has never adopted that standard.  Minor also cites *Skinner v. Quarterman*, 528 F.3d 336, 341 (5th Cir. 2008), for the proposition that any doubts regarding  a certificate in a capital case must be resolved in the petitioner's favor.  *Skinner* is inapposite since this is not a capital case.


**Issue One:  Tolling the Statute of Limitations**


28 U.S.C. § 2244(d)(1) provides a one year statute of limitations on habeas corpus cases. That year runs from the date the state court judgment becomes final unless the petitioner can show compliance with the later start dates provided by § 2244(d)(1)(B), (C), or (D).  Minor's conviction became final September 4, 2007, but the Motion to Amend to add the *Brady* claim was not filed until July 1, 2009, about ten months too late under § 2244(d)(1)(A) (Doc. No. 23).

To avoid dismissal of the *Brady* claim as time-barred, Minor attempted to bring himself within § 2244(d)(1)(D) which provides  "[t]he limitation period shall run from (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Thus the statute requires a petitioner seeking its benefit to prove he exercised due diligence.

Both the undersigned and Magistrate Judge Hogan expressed serious doubts that Minor could show or had shown due diligence.  Jamita Weaver testified at Minor's trial on December 7, 2005, that she saw Minor shoot and kill the victim.  Having heard that testimony, the jury convicted Minor and he was sentenced to life imprisonment on January 3, 2006.  According to the Affidavit of her brother, Dante Graves, Weaver told Graves the very next day that she had perjured herself.  Graves and Minor were close enough friends that they had gone together to Weaver's residence immediately after the shooting to ask her to keep the murder weapon.  In

fact, Minor and Graves were so close that Graves says, expecting to be believed, that Weaver told him she perjured herself to get Minor convicted to get back at Graves for beating her earlier. And yet Graves and Minor never spoke about this outrageous perjury until more than three years later, with Minor imprisoned as a result of the perjury the entire time? No reasonable jurist would find due diligence under those circumstances.

Minor argues lack of diligence is immaterial. In fact, Minor argues, "[t]he 6th Circuit and the Supreme Court *condemn* [emphasis sic] a court using a failure to demonstrate diligence as a defense to a *Brady* violation." (Motion, Doc. No. 54, citing *United States v. Tavera,* 719 F.3d 705 (6th Cir. 2013), and *Banks v. Dretke*, 540 U.S. 668 (2004)). *Banks*, which *Tavera* followed, did indeed hold that there is no due diligence defense to a *Brady* claim **on the merits**. But that is not is what involved here. The Court did not fault Minor for failing to discover Weaver's undisclosed juvenile adjudication for falsification.[1] Instead, his lack of diligence came in not discussing Weaver's allegedly perjurious and seriously prejudicial eyewitness testimony with his good friend and her brother, Dante Graves, for three years after the conviction. *Banks* and *Tavera* are not to the contrary; neither one involved interpreting the due diligence requirement under § 2244(d)(1)(D).

**Issue Two:  Procedural Default of the *Brady* Claim**

On Magistrate Judge Hogan's recommendation, decision of this case was stayed pending Minor's presentation of a delayed motion for new trial to the Ohio courts. The Ohio courts

---

[1] Minor claims the Magistrate Judge did fault him for failing to find the *Brady* material (Motion, Doc. No. 54, PageID 1581). However, he offers no citation to the place in the Report where this supposedly occurred. In the Report, Minor's lack of diligence is discussed at PageID 1523-25. That discussion is not about Minor's failure to discover the *Brady* violation, but about his failure to discover the other evidence he relies on.

decided that motion adversely to Minor, finding that he had not been diligent in discovering the new evidence on which he relied for that motion.  Both the Magistrate Judge and the District Judge agreed that this resulted in a procedural default of the claim.

Minor argues that conclusion is debatable among reasonable jurists because the First District Court of Appeals was wrong on the applicable Ohio law in that

> The Supreme Court of Ohio in *State v. Johnson,*[2] 39 Ohio St. 3d 48, 60, 529 N.E. 2d 898, 911 (1988) makes the distinction missed by the First District Court of Appeals and missed by the Magistrate [Judge]; *Brady* violations are not reviewed as 'newly discovered evidence' claims under [Ohio Crim.] Rule 33(B).

(Motion, Doc. No. 54, PageID 1582-83.)  But Minor, represented by the same counsel in both courts, did not cite *Johnston* in either court (See Appellant's Brief, Doc. No. 32-10, PageID 1337; Amended Traverse (Doc. No. 44), Objections (Doc. No. 46), until his Objections to the Supplemental Report (Doc. No. 49).  *Johnston* also does not stand for the proposition for which it is cited, to wit, that "*Brady* claims are not reviewed as 'newly discovered evidence' claims under Ohio Crim. R. 33(B)."

**Conclusion**

Minor has not shown that this Court's conclusions that (1) he has not proven his entitlement to a delayed start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) and (2) his *Brady* claim is procedurally defaulted would be debatable among jurists of reason.

---

[2] Appellee's name in that case is spelled Johnston.

His Motion to Expand the Certificate of Appealability should therefore be DENIED.


March 17, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).