UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHAZ MINOR, | : | Case No. 1:08-cv-583 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael Merz |
| vs. | : | |
| | : | |
| WARDEN, LEBANON CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 57), AND THEREFORE DENYING PETITIONER'S MOTION TO EXPAND THE CERTIFICATE OF APPEALABILITY (Doc. 54)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Michael Merz.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on March 17, 2015, submitted a Report and Recommendations.  (Doc. 57) .  Subsequently Petitioner filed Objections (Doc. 58).

By Order of January 20, 2015, the Court previously dismissed Petitioner's writ for habeas corpus, but granted a certificate of appealability as to his claim for actual innocence, while denying a certificate of appealability as to Petitioner's remaining claims (Doc. 51).   In his motion, Petitioner now seeks to expand the certificate of appealability to encompass "the issues of whether the statute of limitations was properly tolled and whether Minor procedurally defaulted his *Brady* claim."  (Doc. 54).

In his Report and Recommendations, the Magistrate Judge concluded Petitioner's motion should be denied. (Doc. 58). In arriving at such conclusion, the Magistrate Judge found Petitioner has not proven his entitlement to a delayed start for the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), nor that it would be debatable to jurists of reason that his *Brady* claim is procedurally defaulted. (*Id.*).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in its entirety.

The Court's review shows that Petitioner's objections are grounded in the theory that he need not establish due diligence in order to overcome the time-bar of 28 U.S.C § 2244(d)(1)(A). Such time-bar meant his Petition was due by September 5, 2008. He did not file it until July 1, 2009. Section 2244(d)(1)(A) mandates due diligence. Petitioner was late.

In Petitioner's view the Magistrate Judge's Report and Recommendation errs in placing the onus on him, while incarcerated, to show that he was questioning Donte Graves, his good friend, regarding the trial testimony of Graves' sister Jamita Weaver that she saw Petitioner shoot Kevin Berry. The Court however, agrees with the Magistrate Judge that it defies reason to conclude that Petitioner "who presumably was

surprised and outraged about Weaver's testimony, did not talk to Graves about it for more than three years."  Such fact shows a lack of due diligence.

Moreover, the Court finds that it would not be debatable among jurists of reason that Petitioner's *Brady* claim is procedurally defaulted, due to the same lack of diligence. Petitioner is therefore not entitled to an expanded certificate of appealability as to such issue.[1]

Although the Court appreciates the zealous advocacy of Petitioner's counsel, it nonetheless concludes that Petitioner's objections are lacking in merit.  Accordingly:

1. The Report and Recommendations (Doc. 57) is **ADOPTED**;

2. Petitioner's Motion to Expand the Certificate of Appealability (Doc. 54) is **DENIED.**

**IT IS SO ORDERED**.


Date:  5/15/15                                      *s/ Timothy S. Black*
                                                   Timothy S. Black
                                                   United States District Judge

---

[1]  In any event, the Court further finds the alleged underlying Brady violation, the failure of the prosecution to disclose Weaver's juvenile adjudication for falsification, immaterial for *Brady* purposes because it was not admissible under Ohio law.  Ohio R. Evid. 609(D).  Such adjudication is not evidence that could have been used to impeach her at trial.